IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHLEEN A. LARSON, ) | |
| ) | |
| Petitioner, ) | Case No. CV 08-054-LMB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| COMMISSIONER, SOCIAL SECURITY ) | **AND ORDER** |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is Kathleen A. Larson's Petition for Review (Docket No. 1). She seeks review to set aside of the final decision of Respondent denying her claim for Disability Insurance Benefits under Titles II and XVI[1] of the Social Security Act. She brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c).

Having carefully reviewed the record and being otherwise fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Kathleen A. Larson ("Petitioner" or "Claimant") applied for disability insurance benefits under Title II of the Social Security Act (the "Act") on December 8, 2005. (AR 14). Petitioner

---

[1] Petitioner's preliminary statement requests only review of the denial of Petitioner's claim for benefits under Title II. However, the jurisdictional statement suggests that Petitioner is also requesting review of her claim under Title XVI as well. The Court reviews both determinations.

**MEMORANDUM DECISION AND ORDER  - 1**

applied for supplemental security income benefits under Title XVI of the Act on December 23, 2005.  (AR 14).  Petitioner alleges, in both applications, a disability that began July 1, 2005, resulting from a back injury and associated affective disorders.  (AR 14–22).  The Commissioner denied Petitioner's application initially, and again after reconsideration, after which Petitioner filed a timely request for a hearing before an Administrative Law Judge.  (AR 14).  ALJ Gilbert A. Martinez held a hearing on June 11, 2007, in Pocatello, ID, where the Petitioner appeared and testified *pro se*.  *Id*.  Medical Expert, Kristy Farnsworth, Ph.D., and Vocational Expert, Kenneth A. Lister, C.R.C., also appeared and testified at the hearing.  *Id*.

On June 28, 2007, the ALJ denied Petitioner's claim on the ground that during the period of the claimed disability.  (AR 24).  The ALJ determined Petitioner to be "not disabled under sections 216(i) and 223(d) of the Social Security Act."  (AR 24).

Petitioner requested the Appeals Council review the ALJ's decision.  The Appeals Council denied review on December 17, 2007, making the AJL's decision the final decision of the Commissioner of Social Security.  (AR 5–7).

Having exhausted her administrative remedies, Petitioner timely filed the instant action. *Petition for Review* (Docket No. 1).  Petitioner requests that the ALJ's decision be reversed or, in the alternative, that this matter be remanded for an ALJ hearing *de novo*.  *Id.* at p. 2.

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was forty-five years old.  (AR 277). She had fourteen years of formal education, including two years of college.  (AR 277).  Further, Petitioner had work experience as a packager, cashier, cook, customer service representative,

**MEMORANDUM DECISION AND ORDER  - 2**

house cleaner, manual laborer and telephone operator.  (AR 297–99).  Petitioner has stated that due to her disability, she has been unable to perform any of those past jobs.  (AR 299).

The ALJ determined that Petitioner did, in fact, have severe impairments in her back and depression, both resulting from her back injury.  (AR 17).  However, the ALJ concluded that, in denying her application, Petitioner had not met her burden of proving that she has been under a disability as defined by the Social Security Act during the period under consideration.  (AR 24).

## III.

### STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon the Petitioner to establish entitlement to disability benefits.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process.  20 C.F.R. §§ 404.1520, 416.920 (2005).  The third part of that process, provided the ALJ finds an impairment,[2] requires the ALJ to determine if Claimant's impairment, or combination of impairments, meets or medically equals the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings").  If the impairment does not meet or equal the Listings criteria, the ALJ must determine if the claimant has the residual functional capacity to perform the requirements of her past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the ALJ determines that the claimant has the residual functional capacity to do her past relevant work, the claimant is not disabled.  20 C.F.R. § 404.1560(b).

If the Commissioner's decision is supported by substantial evidence and based upon proper legal standards, then it will be upheld.  42 U.S.C. § 405(g) (2000); *Matney ex rel. Matney*

---

[2] As defined by 20 C.F.R. § 404.1509

**MEMORANDUM DECISION AND ORDER - 3**

*v. Sullivan*, 921 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of fact by the ALJ are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual determinations, they must be upheld, even in the face of conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). This standard requires "more than a scintilla," but "less than a preponderance," *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). When the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

**MEMORANDUM DECISION AND ORDER - 4**

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will only be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id.* However, reviewing courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citations omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether the finding is based on application of proper legal standards.

## IV.

## DISCUSSION

When evaluating evidence presented at an administrative hearing, the ALJ must follow a five-step sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. "The burden of proof is on claimant as to steps one through four[, but] as to step five, the burden shifts to Commissioner." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999).

**A.    Sequential Process**

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ concluded that

**MEMORANDUM DECISION AND ORDER  - 5**

Petitioner has not performed substantial gainful activity since July 1, 2005. (AR 16).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). The ALJ found that Petitioner has two severe impairments: a back disorder and depression. (AR 17).

At the third step, the ALJ must determine whether the claimant's impairments meet or equal a listed impairment under the 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the answer is in the negative, the claimant is not disabled. 20 C.F.R. § 404.1520(d). In the instant action, the ALJ concluded that Petitioner did not have an impairment or combination of impairments that meets or medically equals, one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (AR 17). "If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (citing 20 C.F.R. § 404.1520(d)).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, then the claimant determined to be "not disabled" and not entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(e). "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step." *Lounsburry*, 468 F.3d at 1114. In this regard, the ALJ concluded that Petitioner retains the residual functional capacity to perform the exertional demands of sedentary work. (AR 17). The ALJ further found that Petitioner can

perform her past job of telephone operator considering her present residual functional capacity. (AR 24). Accordingly, the ALJ concluded that Petitioner had not been under a "disability" as defined in the Social Security Act during the relevant time period. (AR 19–24).

If the claim reaches step five, the ALJ considers if the claimant is able to do any other work. 20 C.F.R. § 404.1520(f)(1). If not, then the claimant is "disabled" and entitled to disability insurance benefits. *Id*. If it is determined that the claimant is able to work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do in his or her condition. *Id*. "If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits." *Lounsburry*, 468 F.3d at 1114.

**B.     Discussion**

Petitioner challenges the Commissioner's final determination on several grounds. First, Petitioner claims that her impairments, alone or combined, meet the requirements of a disorder under the regulations. *Petitioner's Brief in Support of Petition for Judicial Review*, pp. 10–13 (Docket No. 15). Second, Petitioner claims the ALJ erred in discounting the opinions of two of Petitioner's treating physicians. *Id.* at pp. 14–16. Third, Petitioner argues that the ALJ's determination that Petitioner has the capacity to perform sedentary work, in light of her back pain, nerve pain and resultant depression, is not supported by substantial evidence. *Id.* at p. 16.

In response, Respondent claims that the ALJ's determination is supported by substantial evidence in the record. *Respondent's Brief*, pp. 5–13 (Docket No. 16). Specifically, Respondent claims that Petitioner did not establish that she met her burden of showing she was disabled under the act. *Id.* Respondent points to the fact that Petitioner must show that her disability

lasted at least 12 consecutive months. *Id.* Respondent also asserts that the ALJ properly weighed the opinions of two of Petitioner's treating physicians, giving adequate reasons for rejecting any findings. *Id.* at p. 8. Finally, Respondent states that the ALJ's determination that Petitioner could do sedentary work is supported by relevant evidence in the record. *Id.* at p. 10.

### 1. Step Three: Listing Requirements Under the Regulations.

At step three of the sequential process, the ALJ was required to determine whether Petitioner's impairments meet or equal an impairment listed in the regulations. Petitioner argues that the ALJ's determinations on step three of the sequential process was in error. *Petitioner's Brief in Support of Petition for Judicial Review*, p. 10–13 (Docket No. 15). Specifically, Petitioner reasons that her back disorder and depression are both listed impairments under 20 C.F.R. Pt. 404, Subpt. P, App. 1.[3] *Id.* In the alternative, Petitioner argues that the combination of both impairments are sufficient to render Petitioner disabled "even if no single impairment is of such severity." *Id.*

Respondent argues that while Petitioner met some of the Listings requirements, she failed to prove all of the requisite Listings requirements under the regulations. *Respondent's Brief*, p. 5–6 (Docket No. 16). Further, Respondent contends that Petitioner failed to show that her claimed disability lasted at least 12 consecutive months. *Id.* Likewise, Respondent contends the Petitioner was properly classified as not disabled under the regulations. *Id.*

#### a. Disability classification under Disorders of the Spine, § 1.04(A).

---

[3] Petitioner claims that her back disorder meets or medically equals the listing for Disorder of the Spine pursuant to § 1.04(A) of the appendix, and her depression meets or medically equals the listing for Affective Disorder under § 12.04.

**MEMORANDUM DECISION AND ORDER - 8**

Listing 1.04 requires: a disorder "of the spine, resulting in compromise of a nerve root or the spinal cord." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04. Paragraph A of this Listing requires that Petitioner show: (1) "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain;" (2) "limitation of motion of the spine;" (3) "motor loss accompanied by sensory or reflex loss;" and (4) "if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." *Id.* at ¶ A.

For Petitioner to be classified under this Listing, she must show that "h[er] impairment . . . meet[s] all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521 (1990). Petitioner argues that her impairment met or equaled this listing because there is evidence that her pain radiated from her back to her buttocks and legs, she had limited range of motion in her spine, evidence of sensory and reflex loss in her legs, and she had a positive straight leg raising test. *Petitioner's Brief in Support of Petition for Review*, pp. 10–11 (Docket No. 15).

The Court has reviewed the evidence provided that establishes her impairments could meet the Listing 1.04 requirements. However, there is also evidence that supports the ALJ's contrary conclusion that Petitioner's impairment failed to meet or equal the criteria in the Listing. First, Dr. Montalbano reported in October 2005, that "[d]eep tendon reflexes are normative and symmetric [and that s]ensory examination is intact," suggesting that the "sensory or reflex loss" requirement was not met. (AR 148). Furthermore, Dr. Montalbano found Petitioner's motor strength was "5/5 in upper and lower extremities," suggesting no motor loss. (AR 148). Additionally, on April 6, 2006, Dr. Larson reported that "[Petitioner] has good strength in her [Lower Extremities]," and on January 4, 2007, "intact strength in the [Lower Extremities]," supporting the findings of Dr. Montalbano with regard to a lack of motor loss. (AR 193).

**MEMORANDUM DECISION AND ORDER - 9**

Finally, there is no direct evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis. What's more, the ALJ disputes the recovery projections of Dr. Allen, who states that Petitioner's recovery could take a year or more.[4] (AR 21). With all of this in mind, it is undisputed that the Court may not substitute its judgment for that of the ALJ.

### b. **Disability classification under Affective Disorder, § 12.04.**

Petitioner's next argument is that the ALJ erred in finding that Petitioner's impairments did not meet or equal the requirements of Listing 12.04, which describes Affective Disorders:

> 12.04 Affective Disorders Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or [when the requirements of another set of symptoms, not relevant here, are satisfied].
>
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>
> > 1. Depressive syndrome characterized by [no less than four out of nine listed indicators; or][5]
> > 2. Manic syndrome characterized by [no less than four out of eight listed indicators; or][6]
> > 3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently

---

[4] The weight given to Dr. Allen's opinion is discussed below. *See infra* Part IV. B. 2.

[5] The nine listed indicators are: (1) Anhedonia or pervasive loss of interest in almost all activities; (2) Appetite disturbance with change in weight; (3) Sleep disturbance; (4) Psychomotor agitation or retardation; (5) Decreased energy; (6) Feelings of guilt or worthlessness; (7) Difficulty concentrating or thinking; (8) Thoughts of suicide; and (9) Hallucinations, delusions or paranoid thinking.

[6] The eight listed indicators are: (1) Hyperactivity; (2) Pressure of speech; (3) Flight of ideas; (4) Inflated self-esteem; (5) Decreased need for sleep; (6) Easy distractibility; (7) Involvement in activities that have a high probability of painful consequences which are not recognized; and (8) Hallucinations, delusions or paranoid thinking.

**MEMORANDUM DECISION AND ORDER - 10**

>   characterized by either or both syndromes);
>
> And
>
> B. Resulting in at least two of the following:
>      1. Marked restriction of activities of daily living; or
>      2. Marked difficulties in maintaining social functioning; or
>      3. Marked difficulties in maintaining concentration, persistence, or pace; or
>      4. Repeated episodes of decompensation, each of extended duration [or another set of symptoms not relevant here].

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04.  To prevail, Petitioner must show that her condition was so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A), 20 C.F.R. § 404.1509.

Respondent concedes that Petitioner met some of the Listing requirements of § 12.04.  *See Respondents Brief*, p. 7 (Docket No. 16).  Respondent contends, however, that Petitioner failed to show that her restrictions met the criteria for twelve consecutive months, during the relevant two year period from July 2005 through June 2007.  *Id.*

Petitioner was diagnosed with some symptoms of depression on August 25, 2005, by Dr. Theresa Ross.  (AR 151–54).  Dr. Ross's report state that Petitioner's depression is "in the average range for pain patients . . .," and that her level of anxiety "[falls] notably below the average range for pain patients."  (AR 154).  The record shows that Petitioner reported worsening depression in February, 2006, to Dr. Clark Allen.  (AR 196–97).  Both of these reports, however, provide little in the way of detailing Petitioner's symptoms.  In light of this lack of detail, and without evidence supporting a diagnosis of an affective disorder, the record is ultimately inconclusive.

In January 2007, Dr. Marc J. Parot diagnosed Petitioner with severe depression, noting that she "needs to be urgently treated for her depression."  (AR 227–28).            Dr. Donald M.

**MEMORANDUM DECISION AND ORDER  - 11**

Whitley, II, began treating Petitioner for depression eight days later. (AR 229–31).

Dr. Whitley determined that Petitioner had deep levels of depression and anxiety. (AR 229–31). Further, Dr. Whitley found that Petitioner was experiencing anhedonia, decreased energy, sleep disturbances, feelings of worthlessness, and difficulties in concentrating, and noted Petitioner's difficulties in participating in activities of daily living, and in maintaining her prior social routine. (AR 229–31). Dr. Whitley assigned Petitioner a global assessment of functioning (GAF) score of 45, indicating a serious impairment in functioning. (AR 229–31). In sum, Dr. Whitley's assessment favors the classification of Petitioner as disabled under the Listing requirements.

The ALJ, however, gave precious little weight to Dr. Whitley's appraisal, determining him to be an examining source, "having not established a treating source relationship with [Petitioner]." (AR 23). Further, the ALJ's conclusion, both that Whitley was not a treating physician and that Petitioner did not meet the Listings requirements, was supported by Dr. Kristy Farnsworth, the non-examining Medical Expert. (AR 293–96). Dr. Farnsworth testified that she was not able to make a disability determination because "we don't have [sufficient] records to evaluate the [required Listings] criteria." (AR 296).

The ALJ concluded that, based on his examination of the evidence in the record, Petitioner has a mild degree of limitation in activities of daily living; a mild difficulty in maintaining social contact; and moderate limitations of concentration, persistence and pace. (AR 17). In sum, although there was some evidence to the contrary, the ALJ's conclusions about Petitioner's mental impairments were supported by the substantial evidence provided by Dr. Ross and by Dr. Allen.

**MEMORANDUM DECISION AND ORDER - 12**

Subsequent to the hearing before the ALJ, Petitioner provided additional records regarding her treatment from Dr. Whitley to the Appeals Counsel. (AR 8). The Appeals Counsel found that the additional evidence provided no basis for changing the ALJ's decision. (AR 5–6). Notably, Respondent concurs with Petitioner's argument that the additional evidence ought to have changed the weight given to Dr. Whitley's opinions by the ALJ and the Appeals Counsel.[7] *Respondent's Brief*, pp. 9–10 (Docket No. 16)

   c.  **Disability classification from a Combination of Impairments**.

Petitioner next contends that the ALJ failed to give sufficient weight to the combined impact of her health problems. *Petitioner's Brief in Support of Petition for Review*, p. 13 (Docket No. 15). Petitioner correctly points out that the ALJ is required to consider the aggregate effects of her impairments, including impairments that, alone, do not meet the Listings requirements. 42 U.S.C. § 1382c(a)(3)(G), 20 C.F.R. § 404.1523, *see also Nguyen v. Chater*, 100 F.3d 1462, 1466 n. 3 (9th Cir. 1996) (noting "where claimant suffers both physical and mental impairments both must be considered together in evaluating their effects.").

All the same, the ALJ did in fact consider Petitioner's health problems in the aggregate, ruling that her impairments were not severe enough, "either singly or in combination," to equal the level of any listed impairments. (AR 17). In making this determination, the ALJ also stated that he had considered all of Petitioner's symptoms together, along with the objective medical evidence. (AR 17–18). This assessment, combined with the weight accorded to the evidence and opinions on record, support the conclusions made by the ALJ.

---

  [7] The weight given to Dr. Whitley's opinion as well as the effect of additional evidence submitted to the appeals counsel is discussed below. *See infra* Part IV. B. 2.

**MEMORANDUM DECISION AND ORDER - 13**

## 2. Adequacy of the ALJ's Determination in Light of the Opinions of Dr. Clark Allen and Dr. Donald Whitley, II.

Dr. Clark Allen performed Petitioner's spinal fusion surgery on January 13, 2006. (AR 167–69). Dr. Marc J. Porot referred Petitioner to Dr. Donald Whitley for an evaluation to determine her emotional stability for a possible spinal cord stimulator implant. (AR 229). Petitioner contends that the ALJ erred by giving only partial credence to the opinion of Dr. Allen. *Petitioner's Brief in Support of Petition for Review*, p. 14. (Docket No. 15). In particular, Petitioner takes issue with the ALJ's dismissal of Dr. Allen's uncontradicted prognosis that Petitioner's recovery time may take over a year. *See id.* Similarly, Petitioner takes issue with the ALJ's discounting of Dr. Whitley's opinion that Petitioner was suffering from "significant depression." *Id.*

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 416.927, *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the opinions of treating physicians are given greater weight than those of other physicians, as treating physicians have a greater opportunity to observe the claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996), *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). While a treating physician's opinion is normally entitled to deference, it is not necessarily determinant as to the question of disability. *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 (9th Cir. 1989).

**MEMORANDUM DECISION AND ORDER - 14**

  **a.**  <u>Dr. Clark Allen</u>

It is undisputed that Dr. Allen is one of Petitioner's treating physicians. (AR 21). Further, Dr. Allen forecasted that Petitioner will not likely return to work and that "[s]he clearly shouldn't try for 1 year." (AR 197). Dr. Allen further states that, "[g]iven [Petitioner's] long history and course of treatment, it would be my opinion that she likely mentally and physically will not return to the work force . . . ." (AR 224). Both of these declarations are not specifically contradicted by any other treating physician.

Nonetheless, the ALJ disputes these statements, giving them "not much weight." (AR 21) "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record." *Orn v. Astrue* 495 F.3d 695 (9th Cir. 2007) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Further, "a treating physician's opinion . . . is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ supports his dismissal of Dr. Allen's prognosis, reasoning that Dr. Allen "failed to provide a progressive record of repeat clinical visits documenting the claimant's post-surgical progress with regard to her range of motion, her neurological status and her response to pain management." (AR 21). Further, the ALJ notes, Dr. Allen's statements about recovery time were "just general statement[s] and [were] not supported by objective medical findings." (AR 21). The Court finds that the ALJ gave clear and convincing reasons in giving minimal

**MEMORANDUM DECISION AND ORDER - 15**

evidentiary weight to the opinion of Dr. Allen. Likewise, the Court finds that he did not err in this particular determination.

### b. Dr. Donald Whitley

In January 2007, Dr. Whitley examined and diagnosed Petitioner with significant depression and high levels of anxiety. (AR 228–30). In examining records the provided by Petitioner, the ALJ discounted the opinion, classifying Dr. Whitley as an examining physician rather than a treating physician. (AR 21). Medical records submitted to the Appeals Council subsequent to the ALJ's hearing make clear that Dr. Whitley is in fact Petitioner's treating physician and the ALJ's classification was inaccurate. (AR 245–52). Respondent concedes to this point. *Respondent's Brief*, p. 10 (Docket No. 16). However, Respondent argues that while "[t]he ALJ's rationale was [] incorrect, [] his overall evaluation of the medical evidence regarding Petitioner's mental impairment remains valid." *Id.*

As a treating physician "employed to cure and [having] a greater opportunity to know and observe the patient as an individual," greater weight must be afforded to Dr. Whitley's opinion. *See Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir. 1990). As a result of this status, the ALJ and the Appeals Counsel may not reject Dr. Whitley's opinion unless they first "make[] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes*, 881 F.2d at 751 (quoting *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)).

The ALJ's reason for disregarding Dr. Whitley's opinion was that he was not a treating physician. (AR 22–23). The Appeals Counsel provided no reason for giving little weight to the opinions of Dr. Whitley. Likewise, in disregarding Dr. Whitley's opinions as a treating

**MEMORANDUM DECISION AND ORDER - 16**

physician and making contrary findings, the Appeals Counsel effectively rejected them. *See Smolen*, 80 F.3d at 1286 (9th Cir. 1996). The Counsel's failure to offer reasons for doing so was in error. The ALJ should have been afforded the opportunity to consider additional evidence generated between the ALJ's decision and the Appeals Council hearing.

### 3. Decision Based on Substantial Evidence Supported by the Record

In order for the ALJ's disability determination to be upheld, the ALJ has the burden of showing that his decision is based on substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. (*citing Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)). In this regard, the ALJ concluded that Petitioner had not met her burden of proof regarding her claims of disability due to an injury of the back and depression, a conclusion that, to be upheld, must be based on substantial evidence and supported by the record.[8] (AR 16–25).

While the ALJ's determination that Petitioner failed to meet the Listing requirements for Disorder of the Spine pursuant to § 1.04 is supported by substantial evidence, the determination that Petitioner failed to meet the Listing requirements for Affective Disorder under § 12.04 is not. The medical reports of Dr. Whitley suggest that Petitioner may suffer from severe depression and anxiety. (AR 228–31, 45–52). The disregarding of this evidence was essential to the ALJ's determination that Petitioner did not meet the Listing requirements of § 12.04.

Further, because the ALJ did not have full access to Dr. Whitley's reports, he did not

---

[8] In any claim for disability, the initial burden of proof rests upon the claimant. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).

**MEMORANDUM DECISION AND ORDER - 17**

properly account for Petitioner's Affective Disorder in determining her residual functioning capacity at step four of the disability determination. *See* § 404.1523 (noting that where a claimant has a combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process"), § 404.1545 (noting that where a claimant has more than one impairment, the SSA will consider all of them, even those that are not severe, in determining the claimants residual functioning capacity).

The ALJ does not clearly indicate the likely outcome of steps four and five of the sequential process. *See supra* Part IV. A. Accordingly, this Court cannot find that Petitioner is disabled and order the payment of benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1178–79 (9th Cir. 2000). Rather, "where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, this Circuit has consistently . . . remanded for further proceedings rather than payment of benefits." *Vasquez v. Astrue*, No. 06-16817, 2008 WL 4791860, at *7–*8 (9th Cir. 2008) (citing *Harman*, 211 F.3d at 1178–79).

C. **Conclusion**

With all of the foregoing in mind, this case is remanded to the Commissioner to allow the ALJ to consider Dr. Whitley's reports as a treating physician. Further, the ALJ shall consider, in accord with Dr. Whitley's accounts, how Petitioner's depression and anxiety affect her residual functioning capacity and ability to perform other work at steps four and five of the disability determination sequence. Once that has been accomplished, the action may be returned to this Court for further proceedings.

**V.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is VACATED, and this action is REMANDED for a further determination as provided in the foregoing Memorandum Decision and Order.



DATED:  **December 1, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 19**